# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1188 | **DATE** | September 20, 2010 |
| **CASE TITLE** | *Van Straaten v. Shell Oil Products Company* | | |

**DOCKET ENTRY TEXT:**

Accordingly, in an exercise of its discretion, and under both an abuse of discretion or de novo standard of review, the court accepts Magistrate Judge Keys' R&R [#58]. Ms. Van Straaten's motion to strike [#45] is granted. The defendants' objection [#64] to Magistrate Judge Key's R&R [#58] is overruled.
The defendants' objection [#64] to Magistrate Judge Key's R&R [#58] is overruled. Accordingly, by 9/30/2010, the defendants must prepare and serve a revised motion for summary judgment and related filings as detailed in this order. The plaintiff shall serve her response by 10/28/2010, the defendants shall file their reply by 11/11/2010, and the parties shall file their respective documents by 11/12/2010.

■[ For further details see text below.]

## STATEMENT

*Background*

Plaintiff Natalie Van Straaten seeks to represent a class of consumers who allegedly received credit card receipts with improperly truncated credit card numbers, in violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g). One of the issues in this case is whether the defendants acted willfully. Before Magistrate Judge Keys, the defendants specifically stated that they did not intend to invoke an advice of counsel defense. Discovery proceeded accordingly.

Following the close of discovery, the defendants served a motion for summary judgment containing what they now characterize as "an advice of counsel-type defense." Dkt. 70 at 1. The defendants assert that they believed this was acceptable because they thought that discovery would be reopened if necessary based on the content of their motion for summary judgment. They also represent that they are willing to allow "full discovery relating to the attorney-client communications at issue." *Id*.

Contending that the defendants had asserted an advice of counsel defense in their motion for summary judgment after declining to do so while discovery was open, Ms. Van Straaten filed a motion to strike "all references to advice or consultation between Defendants and their counsel regarding compliance with

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

FACTA and/or any state trunction statute." Magistrate Judge Keys issued a report and recommendation ("R&R"). In sum, he found that the defendants had asserted the attorney-client privilege throughout discovery and during a deposition of one of the defendants' witnesses and then raised an advice of counsel defense after discovery closed, thereby precluding Ms. Van Straaten from pursuing discovery relating to the attorney-client communications at issue. Characterizing this strategy as "questionable," he recommended that this court grant Ms. Van Straaten's motion to strike.

*Standard of Review*

The parties disagree regarding the standard of review applicable to the defendants' objections. The court will not address this issue as the result is the same whether the court reviews the R&R for abuse of discretion or de novo.

*Discussion*

The advice-of-counsel defense requires a defendant to establish the following elements:

(1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report.

*United States v. Cheek*, 3 F.3d 1057, 1061 (7th Cir. 1993) (internal quotation and citation omitted).

In their objection, the defendants dance around whether their references to their communications with counsel about truncation rise to the level of an advice of counsel defense. As noted by the magistrate judge, if they had asserted such a defense, it would serve as a waiver of attorney-client privilege as to the communications at issue. According to the defendants, their references to the fact that they consulted with counsel do not mean that they are asserting an advice of counsel defense. Alternatively, the defendants contend that the line between protected communications and the advice of counsel defense is blurry so their counsels' assertion of the attorney-client privilege was reasonable.

In support, the defendants direct the court's attention to *Bosch v. Ball-Kell*, No. 03 C 1408, 2007 WL 601721 (C.D. Ill. Feb. 21, 2007). In *Bosch*, the defendants argued that "their respective states-of-mind [were] relevant to their defense that they acted in good faith at all times and that their state-of-mind may properly be based on counsel's advice without divulging what the advice actually was." *Id*. at *1. The court noted that the distinction drawn by the defendants had been:

recognized by the Third Circuit in *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Company*, 32 F.3d 851, 863 (3rd Cir. 1994), where the court noted that advice from counsel does not necessarily become an issue simply because the advice might affect the party's state of mind in a relevant manner. Thus, in a patent suit, where an infringer is alleged to have acted willfully, the advice of the infringer's lawyer may be relevant to the question of whether the infringer acted

(continued)

with a willful state of mind. However, the advice of the infringer's counsel is not placed in issue, and the privilege is not waived unless the infringer seeks to limit its liability by describing that advice and by asserting that he relied on that advice.

*Id.* The *Bosch* court excluded evidence relating to an advice of counsel defense, and held that limited references to counsel's advice under *Rhone-Poulenc* were permissible.

The *Bosch* case does not help the defendants, as they – as recognized by Magistrate Judge Keys – are trying to use their communications with counsel as both a sword (to support a claim that their conduct is not willful because they acted on advice of counsel) and a shield (to prevent discovery of the actual communications). They cannot have it both ways. The mere fact that they communicated with counsel, with no further details, does not show that they acted in good faith by securing the advice of counsel and acting on that advice. *See United States v. Cheek*, 3 F.3d at 1061.

Moreover, as the *Bosch* court recognized, when a plaintiff alleges that a defendant acted willfully, the advice provided by counsel is "relevant to the question of whether the infringer acted with a willful state of mind." *See Rhone-Poulenc Rorer, Inc. v. Home Indemnity Company*, 32 F.3d at 863. Thus, a defendant who wishes to use advice of counsel to show that it did not act willfully cannot point to unspecified advice from counsel and simultaneously claim that advice is privileged.

This brings the court to the defendants' fallback argument that the sanction of exclusion recommended by the magistrate judge is too draconian. The court firmly disagrees. Discovery deadlines are not random dates which can be ignored by the parties at will and then reset in the middle of briefing dispositive motions. The court has reviewed the record. Nothing indicates that Ms. Van Straaten or Magistrate Judge Keys agreed that the defendants were free to raise this defense at any point in the proceedings or that discovery could and should be reopened if the defendants decided to change their strategy by raising an advice of counsel defense for the first time after discovery closed.

This is especially true given the colloquy before Magistrate Judge Keys on October 5, 2009, which is quoted at length in the R&R and demonstrates that the defendants made a conscious strategic choice to foreclose discovery on advice provided by counsel. Dkt. 58 at 9 ("We are not being cute. As it stands now, we do not intend to assert an advice of counsel defense . . . We are, however, not willing to waive our right until [sic] Rule 15 to seek leave to amend . . . . [our affirmative defenses]"). The defendants' counsel also expressly acknowledged that if they sought to amend their affirmative defenses to add an advice of counsel defense later on, they would have to demonstrate "substantial cause for . . . not asserting [the defense] sooner and [Plaintiff's counsel] would have an opportunity to come in and you know, advise the court that he thinks that there was some delay that was unjustified." Dkt. 58 at 9.

The court recognizes that striking references to communications with counsel in connection with willfulness is a severe sanction. Nevertheless, the authors of the defendants' current predicament are the defendants themselves. The record shows that the defendants were clearly aware of this issue and the consequences of interjecting an untimely advice of counsel defense. The defendants nevertheless chose to wait until the summary judgment to attempt to backdoor communications with counsel to defend against Ms. Van Straaten's claims of willfulness. Because the defendants chose to roll the dice by adopting an aggressive litigation strategy, they cannot now complain about the consequences.

(continued)

## STATEMENT

The court also rejects the defendants' offer to reopen discovery. Litigation is not a series of mulligans where counsel can skirt obligations to the extent possible and then simply start over if an attempt to secure a strategic advantage does not work out. Dates exist to aid in the orderly disposition of all of the cases on the court's docket. The court thus cannot overlook the prejudice to Ms. Van Straaten and the other litigants with cases before the court caused by reopening discovery based on a tactical decision made by defendants' counsel.

Accordingly, in an exercise of its discretion, and under both an abuse of discretion or de novo standard of review, the court accepts Magistrate Judge Keys' R&R [#58]. and Ms. Van Straaten's motion to strike [#45] is granted "all references to advice or consultation between Defendants and their counsel regarding compliance with FACTA and/or any state truncion statute" in the defendants' motion for summary judgment and related papers are stricken.