# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1188 | **DATE** | July 7, 2011 |
| **CASE TITLE** | *Van Straaten v. Shell* | | |

**DOCKET ENTRY TEXT:**

Ms. Van Straaten shall file a public version of her summary judgment response memorandum by July 18, 2011, as detailed below. It should also provide the court with a courtesy copy of the sealed version of its filing, with the sealed portions highlighted so the court can distinguish between the sealed and public portions of the filing. In addition, all counsel should ensure that all summary judgment filings filed under seal comply with this order, and may file corrected public/sealed versions as necessary by July 18, 2011, if anything was filed under seal improperly.

■ [ For further details see text below.]

## STATEMENT

The court has reviewed the parties' summary judgment filings. Ms. Van Straaten filed her summary judgment response entirely under seal. It is well-established, however, that litigants may file entire documents under seal only where every aspect of the sealed filing is confidential. *See Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1031-32 (7th Cir. 1996); *see also U.S. v. Foster*, 564 F.3d 852 (7th Cir. 2009) (Easterbrook, C.J., in chambers); *Pepsico v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J. in chambers); *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) (Easterbrook, J. in chambers). The Seventh Circuit takes a restrictive view of the word "confidential" and has held that sealing is appropriate only when it is necessary to provide a detailed discussion regarding matters which a litigant is "legally required to keep confidential." *In re Krynicki*, 983 F.2d at 75. When parties need to keep certain information confidential, the proper procedure is to file a public document and a sealed supplement containing the confidential information. This procedure not only allows the public access to as much of the proceedings as possible but also places the court on notice as to what is confidential so it can prepare its order accordingly.

A proper public version/sealed supplement may take one of two forms. Option one is preferred by the Seventh Circuit and requires counsel, if at all possible, to refer generally to the sealed materials in the public document. The sealed supplement then adds any necessary discussion regarding the sealed materials. For

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

example, page five of a public document might say that the parties exchanged confidential documents, and the supplement would clarify that the confidential documents referred to on page five were X, Y, and Z, and briefly discuss any relevant information in those documents. Option two requires counsel to file two versions of their submissions: a redacted public version and an unredacted sealed version. If that option is selected, the sealed version shall clearly specify (by, for example, using highlighted or colored text) what material in the sealed version is confidential.

In the interests of conserving resources, Ms. Van Straaten may follow option two. Accordingly, she is directed to file a public version of her document that redacts the sealed portions by July 18, 2011. If she needs additional time, she may contact the court's clerk. She should also provide the court with a courtesy copy of the sealed version of her filing, with the sealed portions highlighted or otherwise clearly marked off. She need not provide a courtesy copy of the public version of its brief. In addition, all counsel should ensure that all summary judgment filings filed under seal comply with this order, and may file corrected public/sealed versions as necessary by July 18, 2011, if anything was filed under seal improperly. The court appreciates counsels' assistance in this regard, and will rule as expeditiously as possible.