Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1188 | **DATE** | December 8, 2011 |
| **CASE TITLE** | *Van Straaten v. Shell* | | |

**DOCKET ENTRY TEXT:**

Shell's motion for certification pursuant to 28 U.S.C. § 1292(b) is granted, and the court certifies its September 26, 2011, order denying Shell's motion for summary judgment [Dkt. Nos. 152, 153 & 154] for interlocutory review. To the extent that Shell seeks reconsideration of that order, its motion is denied. Ms. van Straaten's motion for leave to file supplemental materials in opposition to Shell's motion [171] is granted. The court notes that Shell advised its clerk that its response to that motion is contained in its reply in support of its motion to certify. Ms. van Straaten's motion to certify a class [166] is denied without prejudice as in the interests of conserving the parties' resources, it appears more efficient to consider this motion as necessary after the appellate court considers Shell's request to pursue an interlocutory appeal.

■ [ For further details see text below.]

## STATEMENT

In this case, plaintiff Natalie Van Straaten seeks to represent a class of consumers who used Shell's proprietary credit and debit cards at Shell gas stations. Ms. Van Straaten contends that Shell Oil Products Company, Equilon, and Shell Oil (collectively Shell) improperly truncated the digits on Shell's payment cards by masking the wrong digits on the receipt. The court recently denied Shell's motion for summary judgment. Shell's motion to certify under § 1292(b) or, alternatively, to reconsider [161] followed. Plaintiff Natalie van Straaten has also filed a motion for leave to file supplemental materials in opposition to Shell's motion [171] and a motion to certify a class [166].

Section 1292(b) provides, in pertinent part, that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order." Shell asks the court to certify the following two questions for interlocutory appeal:

(1) Whether Shell's interpretation of the phrase "card number" in FACTA and its resulting truncation protocol, even if wrong, could be reckless as a matter of law?

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

(2) Whether the undefined term "card number," as used in FACTA, refers exclusively to the card's "Primary Account Number" ("PAN") even though there is no reference to "PAN" in the statute or legislative history?

Dkt. 161, Page ID #2276; Dkt. 162, Page ID #2279. Alternatively, it asks the court to reconsider its ruling that Shell is not entitled to summary judgment on the question of willfulness.

The court begins by noting that it disagrees with Shells' characterization of the reasoning and holding in the summary judgment order sought to be appealed. For example, the court did not hold that "card number" equals 100% of the PAN. Instead, it analyzed the truncation requirements in FACTA and reached a conclusion about which digits must be truncated. The court also finds that Shell's questions are excessively adversarial and fail to fairly express the legal issues at the heart of this case. This is immaterial, however, as § 1292(b) provides for certification of orders for appeal, not questions. *Edwardsville Nat'l Bank & Trust Co. v. Marion Labs., Inc.*, 808 F.2d 648, 650 (7th Cir. 1987) ("The question is the *reason* for the interlocutory appeal, but the thing under review is the order") (emphasis in original); *see also* 28 U.S.C. § 1292(b) (referencing "an immediate appeal from the order"); *Rodgers v. Allen*, No. 05 C 3540, 2009 WL 2872912, at *2 (N.D. Ill. Sept. 2, 2009) (collecting cases). The court thus turns to the § 1292(b) factors.

A petition for interlocutory appeal must be filed with the district court within a reasonable time after entry of the order sought to be appealed. *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). Moreover, the movant must satisfy "four statutory criteria . . . . there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Id*. at 675 (emphasis in original). Finally, interlocutory appeals under § 1292(b) are disfavored so certification is appropriate only in exceptional cases. *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473–74 (1978).

*Timeliness*

Shell filed its motion in a reasonable amount of time, as it filed its motion three weeks after the court issued its ruling denying summary judgment.

*Question of Law*

The phrase "question of law" in § 1292(b) refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d at 676. Thus, an interlocutory appeal is proper only when the contested issue is "a 'pure' question of law rather than merely an issue that might be free from a factual contest.." *Id*. at 677 ("'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted").

It is undisputed that Ms. Van Straaten has not suffered any injury as a result of Shell's long-time truncation protocol. Moreover, as Shell recently stopped printing any card digits on receipts in response to the court's denial of summary judgment, she will not suffer any future harm. Thus, Ms. Van Straaten (and her fellow class members if a class is certified) may recover statutory damages only if Shell (1) violated FACTA's truncation provision, *see* 15 U.S.C. § 1681n(a)(1)(A) (based on a willful violation of FACTA, a plaintiff may recover actual damages or statutory damages of at least $100 but no more than $1,000 per occurrence) and (2)

(continued)

| STATEMENT |
|---|

Shell did so in a knowing or reckless manner, *see Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57 (2007). The court found that Shell violated FACTA and that whether it acted willfully was a question of fact. The statutory interpretation question was at the heart of the court's order and is at the front of its mind as it considers certification under § 1292(b).

If Shell's interpretation of the words "card number" in FACTA is correct, it did not violate FACTA. If so, its truncation protocol by definition would be objectively reasonable and, hence, not a willful violation of FACTA. Determining the meaning of a statute is a question of law. *See Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d at 676-77. Moreover, Ms. Van Straaten's characterization of the FACTA issue as fact-driven is incorrect; details about how payment cards are encrypted and processed are necessarily technical but this does not transform a question of statutory interpretation regarding which numbers to truncate into a fact-based question. Accordingly, the court finds that the interpretation of the words "card number" in FACTA is a question of law.

*Controlling*

"A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). If Shell's interpretation of "card number" carries the day, for all practical purposes, this case will be over.

In addition, in orders disposing of a large percentage of the plaintiff's recoverable damages, "the proper measure of damages is always a controlling question of law." *In re Brand Name Prescription Drugs*, No. 94 C 897, 1998 WL 808992, at *5 (N.D. Ill. Nov.17, 1998); *see also Hollinger Intern., Inc. v. Hollinger, Inc.*, No. 04 C 0698, 2005 WL 327058, at *2 (N.D. Ill. Feb. 3, 2005) (collecting cases). If Shell willfully violated FACTA's truncation provisions, it faces an extremely significant statutory damages award if this case proceeds as a class action as FACTA allows statutory damages between $100 and $1,000 per occurrence. *See* 15 U.S.C. § 1681n(a)(1)(A). Given the number of Shell payment cards in circulation and the associated number of transactions, even the low end of this range would be a very large number. The parties will doubtless have much to say about the propriety of that kind of statutory damages award if that issue is ever before the court. For the present, however, the court finds that the "controlling question" factor has been met.

*Contestable*

The third statutory criterion under § 1292(b) is that the question of law must be contestable; *i.e.*, that "substantial grounds for a difference of opinion on the issue exist." 28 U.S.C. 1292(b). Courts have adopted different definitions of "contestable." An issue may contestable if there is a "difficult central question of law which is not settled by controlling authority" and a "substantial likelihood" exists that the district court's ruling will be reversed on appeal. *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F.Supp. 1078, 1081 (N.D. Ill. 1995). The existence of conflicting authority may indicate that an issue is contestable. *See Hoffman v. Carefirst of Ft. Wayne, Inc.*, No. 1:09-CV-251, 2010 WL 3940638, at *2 (N.D. Ind. Oct. 6, 2010) (collecting cases); *Federal Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wisconsin*, 604 F. Supp. 616, 620 (D.C.Wis.1985) ("§ 1292(b) was not intended merely to provide an avenue for review of difficult rulings in hard cases, and the mere fact that there is a lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion under the statute"). On the other hand, the novelty of an

(continued)

| STATEMENT |
|---|

issue may demonstrate that an issue is contestable. *See City of Joliet v. Mid-City Nat. Bank,* No. 05 C 6746, 2008 WL 4889038, at *2 (N.D. Ill. Jun. 13, 2008) (granting motion to certify appeal), *aff'd sub nom. by City of Joliet, Ill. v. New West, L.P.*, 562 F.3d 830 (7th Cir. 2009); *Bayer Healthcare, LLC v. Norbrook Laboratories, Ltd.*, Nos. 08 C 953 & 09 C 108, 2010 WL 338089, at *5 (E.D. Wis. Jan. 20, 2010) (issue of first impression created a substantial ground for difference of opinion).

The court believes that its analysis of FACTA is correct. Nevertheless, the legal issues posed by Shell's recently abandoned truncation system, which was linked to its unique method of arranging the digits on the face of its payment cards, are novel and extremely interesting. While the court ultimately ruled against Shell, the FACTA issues in this case were difficult and thought provoking. Moreover, because to this court's knowledge Shell's system was an outlier, the absence of conflicting authority is not meaningful. Accordingly, "[w]hile the court is loath to determine that there is a 'substantial likelihood' that it will be reversed on appeal" it nevertheless "determines that the issue presented . . . is contestable." *City of Joliet v. Mid-City Nat. Bank*, 2008 WL 4889038, at *2.

On a related note, Shell contends that controlling authority shows that the order at issue is contestable because even if it violated FACTA, its conduct still could be objectively reasonable. This misconstrues the court's decision. In connection with Shell's void for vagueness challenge to FACTA, the court held that the statutory language is sufficiently clear that its prohibitions would be understood by an ordinary person operating a profit-driven business. This begs the question: given that holding, can Shell's now-former protocol be objectively reasonable since it is at odds with FACTA's clear language? This question is why the court considered whether Shell acted willfully or recklessly when it decided what digits to print on receipts. It also further demonstrates how central the FACTA interpretation question, which is at the heart of this court's decision to certify its order for interlocutory appeal and the lynchpin of Ms. Van Straaten's claims, is to this case. If Shell's reading of FACTA is correct, then many other issues potentially fall by the wayside. On the other hand, if Shell is wrong, the court can then consider other fact-based disputes which are easily severable from the FACTA interpretation issue, such as whether Shell acted willfully or recklessly.

*Materially Advance*

This brings the court to the final § 1292(b) prong: whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Shell asserts that an immediate appeal will save everyone time and expense and thus materially advance the ultimate termination of this action. This can be said for virtually all interlocutory appeals presenting a potentially dispositive issue. The court also appreciates the inherent inefficiency as well as the extra time and expense associated with an interlocutory appeal. Nevertheless, the court believes that an immediate appeal would materially advance the litigation because a resolution in Shell's favor would essentially end the case and forestall extremely protracted, costly litigation and determination of multiple additional novel and complex issues.

Accordingly, for the foregoing reasons, Shell's motion for certification pursuant to 28 U.S.C. § 1292(b) is granted, and the court certifies its September 26, 2011, order denying Shell's motion for summary judgment [Dkt. Nos. 152, 153 & 154] for interlocutory review. To the extent that Shell seeks reconsideration of that order, its motion is denied.